# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **LAWRENCE HALL** | **CIVIL ACTION NO. 11-2087-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN HOWARD PRINCE** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Lawrence Hall ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on December 1, 2011. Petitioner is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He challenges his state court conviction and sentence. He names Warden Howard Prince as respondent.

On August 2, 2000, Petitioner pleaded guilty to one count of attempted burglary in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. On November 22, 2000, he was sentenced to 30 years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) the pre-sentence investigation report contained false, misleading and prejudicial information, (2) newly discovered evidence that

the 1984 aggravated assault and simple criminal damage to property arrests contained in the pre-sentence investigation report were not his arrests, (3) his sentence is excessive, (4) improper case allotment procedures, and (5) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

    4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

    Petitioner pleaded guilty on August 2, 2000, and was sentenced on November 22, 2000. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on September 26, 2001. State v. Hall, 35,151 (La. App. 2 Cir. 9/26/01), 796 So.2d 164. Petitioner did not seek writs of review in the Supreme Court of Louisiana. Thus, Petitioner's conviction and sentence became final on October 10, 2001, when the delay for applying for a rehearing expired. See La. C.Cr.P. art. 922.

    The federal petition currently before the court was received and filed in this court on December 1, 2011 and signed by Petitioner on November 17, 2011. Since the federal clock began ticking on October 10, 2001 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before October 10, 2002. This petition was not filed until November 2011 at the earliest, more than nine years too late.

In addition, the state post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed an application for post conviction relief in the trial court on November 21, 2002. The trial court denied the application on May 12, 2003 [Doc. 1-3, p. 40]. Petitioner filed a motion to expunge his criminal arrests in the trial court in February 2003 [Doc. 8, p. 2]. Review of this motion continued until the Supreme Court of Louisiana denied writs of review on September 13, 2013. Petitioner filed a second application for post conviction relief in the trial court on March 13, 2003 [Doc. 8., p. 2]. Review of this application continued until the Supreme Court of Louisiana denied writs on December 5, 2005 [Doc. 8, p. 3]. Petitioner filed a motion to withdraw his guilty plea in the trial court on November 16, 2006. Review of this motion continued until the trial court denied it on December 5, 2006 [Doc. 8, p. 3]. Petitioner filed a motion for new trial in the trial court on February 21, 2007. Review of this motion continued until the trial court denied it on May 15, 2007 [Doc. 8, p. 3]. Petitioner filed a motion to amend and/or modify sentence in the trial court on December 15, 2008. Review of this motion continued until the trial court denied it on January 13, 2009 [Doc. 8, p. 3]. Petitioner filed a motion to amend, modify and/or reconsider sentence and/or motion for new trial in the trial court on July 13, 2010 which was denied [Doc. 8, p.3]. Petitioner filed a motion to correct illegal sentence in the trial court on September 13, 2010. Review of this motion continued until the Supreme Court of Louisiana denied writs on October 21, 2011 [Doc. 1-3, p.1].

Petitioner filed a motion to correct illegal sentence in the trial court on June 9, 2012 [Doc. 5-1, pp. 1-16].

To toll the federal limitation period, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not submit his first post conviction relief application and/or collateral proceeding until November 21, 2002, which was after the limitation period had already expired on October 10, 2002.

Petitioner argues that the limitation period should be reckoned as to his ineffective assistance of counsel claims as provided in Section 2244(d)(1)(C), the date upon which a constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim he cites Martinez v. Arizona, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). Martinez, supra and its progeny (see for example, Trevino v. Thaler, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a habeas petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. Compare Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir.2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

Petitioner next argues that his federal petition is timely because of newly discovered evidence. He claims the newly discovered evidence is the fact that he was not the person

arrested for aggravated assault and criminal damage to property as reported in the pre-sentence investigation report. The court will construe Petitioner's claim of newly discovered evidence as an argument that he is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D). This claim is without merit. This subsection permits the determination of the limitations period from " ... the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence." The factual predicate of Petitioner's claim is that the trial court relied on the 1984 arrests for aggravated assault and simple damage to property found in the pre-sentence investigation report when determining his sentence.

Petitioner was aware that the PSI report contained alleged misleading information regarding the aggravated assault and simple criminal damage to property arrests on November 22, 2000, the date of his sentencing [Doc. 2, p. 10; Doc. 8. p 1]]. As provided by the statute, Petitioner may have the limitations period calculated not from the date the "new" fact was discovered, but rather the date upon which the "new" fact "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The Petitioner could have discovered through the exercise of due diligence prior to the expiration of the one-year limitation period the factual predicate of his claim. Thus, Petitioner cannot rely upon the provisions of 28 U.S.C. § 2244(d)(1)(D).

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred

by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the

applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 20th day of June, 2014.

Mark L. Hornsby
U.S. Magistrate Judge